UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROBULK CARRIERS LTD.,

                      Plaintiff,

   -v-                                              No. 09 Civ. 1556 (RJS)
                                                      ORDER

TRANSPOWER CO. LTD, a/k/a TRANS
POWER CO. LTD.,

                    Defendant.

RICHARD J. SULLIVAN, District Judge:

       Plaintiff Probulk Carriers Ltd. ("Plaintiff") commenced this action on February 19, 2009 by filing a Verified Complaint alleging $780,998.39 in damages, inclusive of interest, costs, attorneys' fees, and arbitral costs. Plaintiff alleges that Defendant wrongfully failed to pay amounts due under a charter party. Before the Court is Plaintiff's February 19, 2009 application for an *ex parte* order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions. In support of the application, Plaintiff's counsel submitted a copy of the Verified Complaint, and an attorney's declaration.

       Plaintiff alleges that it "has sufficient reason to believe that the [Defendant's] tangible or intangible personal property, *to wit*: bank accounts; payments in U.S. dollars from or to the Defendant's sellers or purchasers, payments in U.S. dollars from or to other vessel Owners; Clearing House Interbank Payment System (CHIPS) credits; and/or operational funds, is being transferred through intermediary banks in the form of electronic payment transfers (*i.e.* "EFT's"), and are located in this District in the possession of several garnishees, namely banks or financial institutions located in New York that process EFT payments of U.S. dollars."

(Compl. ¶ 24.)  On the basis of that allegation, Plaintiff proposes that a Process of Maritime Attachment and Garnishment be issued, allowing the effectuation of attachment on a list of thirteen financial institutions, "or any other garnishee within this district."  (*See* Proposed Process of Maritime Attachment and Garnishment).

Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property . . . *in the hands of garnishees* named in the process.

Fed. R. Civ. P. Supp. Rule B(1)(a) (emphasis added).  Thus, "[t]o sustain an attachment, a plaintiff must show that it has fulfilled the 'filing and service requirements of Rules B and E' and that '1) it has a valid *prima facie* admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.'"  *DSND Subsea AS v. Oceanografia, S.A. de CV*, 569 F. Supp. 2d 339, 343 (S.D.N.Y. 2008) (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006)).

The Rule plainly permits allegations based on "information and belief" relating to the requirement that "the defendant cannot be found within the district." Fed. R. Civ. P. Supp. Rule B(1)(b).  It makes no such specification regarding proof of the Rule's other requirements, except that "[t]he court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment."  *Id.*; *see also Aqua Stoli*, 460 F.3d at 438.

"[I]n this Circuit . . . EFT ['electronic fund transfer'] funds in the hands of an intermediary bank may be attached pursuant to Admiralty Rule B(1)(a)." *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 277 (2d Cir. 2002).[1]  "*If* [*the defendant's*] *assets are presently located in the Southern District* and [the defendant] cannot be 'found' within the district, [the plaintiff] is entitled under Rule B to attach those assets in aid of jurisdiction and to serve as security." *Aqua Stoli*, 460 F.3d at 444 (emphasis added).  "However, Rule B(1) relief is not valid where the attachment and garnishment is served before the garnishee comes into possession of the property." *ContiChem LPG v. Parsons Shipping Co., Ltd.*, 229 F.3d 426, 434 (2d Cir. 2000) (citing *Reibor Int'l Ltd. v. Cargo Carriers (KACZ-CO.) Ltd.*, 759 F.2d 262, 268 (2d Cir. 1985)).

As stated above, Plaintiff has attempted to satisfy these requirements by alleging that it "has sufficient reason to believe that the [Defendant's] tangible or intangible personal property, . . . is being transferred through intermediary banks in the form of electronic payment transfers (*i.e.* "EFT's"), and are located in this District in the possession of several garnishees, namely banks or financial institutions located in New York that process EFT payments of U.S. dollars." (Compl. ¶ 24.)  However, Plaintiff offers no elaboration on these allegations, and counsel has not provided any support in its affirmation to substantiate its assertions.

When considering these allegations, the Court is cognizant of the fact that because "'[a]n EFT may be in the possession of a financial institution for only a very short period of time,' . . . and may move through the bank 'almost instantaneously,' it follows that it would be virtually

---

[1] The nature of the attachment sought by Plaintiff illustrates the steady expansion of this attachment mechanism:  in *Winter Storm*, the plaintiff named two banks as potential garnishees, 310 F.3d at 266; here, Plaintiff seek permission to serve an unspecified number of garnishees, including nine banks.

impossible for plaintiffs to attach EFTs unless garnishee banks are permitted to accept continuous service . . . ." *DSND Subsea AS*, 569 F. Supp. 2d at 346 (quoting *Ullises Shipping Corp. v. FAL Shipping Co. Ltd.*, 415 F. Supp. 2d 318, 324 (S.D.N.Y. 2006) and *Winter Storm*, 310 F.3d at 278). Moreover, "[a]t the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, No. 07 Civ. 6488 (LTS) (KNF), 2008 WL 2811481, at *5 (S.D.N.Y. July 18, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

These considerations, however, do not absolve Plaintiff of the burden of demonstrating to the Court, as part of its showing of entitlement to the Process of Maritime Attachment and Garnishment, that "the defendant's property may be found within the district . . . ." *Aqua Stoli*, 460 F.3d at 445. In the Court's view, more is required to demonstrate a "plausible" entitlement to a maritime attachment than a conclusory allegation, based simply on Plaintiff's "belie[f]," that Defendant's property is "being transferred" through any one of a non-exhaustive list of thirteen garnishees located in this District during the pendency of the requested Order.

In *Reibor International Ltd. v. Cargo Carriers (Kacz-Co.) Ltd*, for example, the court ordered the attachment based upon, *inter alia*, the allegation that specific funds would be remitted to the defendant, pursuant to a letter of credit, via a funds transfer that would pass through one of only two garnishee banks located in the District. *Reibor*, 759 F.2d at 263-64. Plaintiff's allegations here are void of any such specificity, and on their face appear to be little more than a speculative hope that Defendant's assets, in the form of EFTs, will fortuitously

appear in one of the myriad banks Plaintiff has identified in the District. In short, Plaintiff has not included "enough factual matter (taken as true) to suggest" that Defendant's property may be found in the Southern District of New York. *Twombly*, 127 S. Ct. at 1965.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for Process of Maritime Attachment and Garnishment is DENIED without prejudice. Should Plaintiff wish to renew the application for Process of Maritime Attachment, Plaintiff shall file a Verified Amended Complaint setting forth the bases for its belief that Defendant's property may be found within this District as well as the garnishees it seeks authorization to serve. At that time, the Court will reconsider whether the requirements of Rule B have been met;

IT IS FURTHER ORDERED THAT, no later than March 6, 2009, Plaintiff shall submit a Verified Amended Complaint or a letter advising the Court that it does not intend to renew its application for Process of Maritime Attachment; and

IT IS FURTHER ORDERED THAT, should Plaintiff elect to voluntarily dismiss this action, any subsequent action commenced in this District related to the same operative facts and maritime claim shall include a copy of this Order and be referred to the undersigned as a related case.

Dated: February 20, 2009
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE